# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Alabama has a strong tradition of citizens offering their unique talents to serve on government boards or commissions. Sadly, Alabama governors are sometimes required to discriminate based on a candidate's race when making appointments to state boards, commissions, and committees.

2. The Alabama Real Estate Appraisers Board (AREAB) is one such board. AREAB regulates, licenses, and investigates real estate appraisers to ensure they meet the high standards of the profession. However, Alabama law requires the Governor to consider the race of potential board members when making appointments to AREAB, and to exclude from consideration anyone who will not satisfy AREAB's racial quota of at least two members "of a minority race." Ala. Code § 34-27A-4.

3. Such blatant racial discrimination against individuals who could otherwise sit on AREAB serves no legitimate government purpose. It is demeaning, patronizing, un-American, and unconstitutional.

1

4. Plaintiff American Alliance for Equal Rights (Alliance) is a nationwide membership organization that is dedicated to eliminating racial distinctions and preferences in America. It has members who are qualified, ready, willing, and able to be appointed to AREAB—including Member A, a citizen of Alabama who supports public service and property rights and has applied for the vacant public member position on AREAB. But because Member A is not a racial minority, she is ineligible for that open position.

5. The Alliance brings this lawsuit under 42 U.S.C. § 1983 to vindicate its members' constitutional rights, to ensure that every qualified citizen in Alabama has the equal right to serve on AREAB, and to ensure that Alabamians are regulated by a board whose members are not selected on the basis of race.

## JURISDICTION AND VENUE

6. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (2) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this district.

## PARTIES

8. Plaintiff American Alliance for Equal Rights is a nationwide membership organization headquartered in Austin, Texas. It is a 501(c)(3) tax-exempt organization whose mission is to challenge racial classifications and racial preferences in America. The Alliance has

one or more members who are citizens of Alabama, who are not racial minorities, and who are qualified, ready, willing, and able to be appointed to AREAB.

9. Defendant Kay Ivey is the Governor of the State of Alabama. Governor Ivey is required by Alabama law to make all appointments to AREAB. Section 34-27A-4 of the Alabama Code and Rule 780-X-1-.02 of Alabama's Administrative Code require Governor Ivey to consider race when making appointments to AREAB. Governor Ivey is sued in her official capacity.

## FACTUAL ALLEGATIONS

### AREAB's Background and Racial Quota

10. The Alabama Real Estate Appraisers Board (AREAB) was created in 1990 to regulate real estate appraisers in Alabama.

11. The Alabama legislature created AREAB in response to Section 1117 of the Federal Financial Institutions Reform, Recovery and Enforcement Act (FFIRREA), which provided that "a State may establish a State appraiser certifying and licensing agency" for the purpose of "assur[ing] the availability of State certified and licensed appraisers for the performance in a State of appraisals in federally related transactions and to assure effective supervision of the activities of certified and licensed appraisers." Pub. L. No. 101-73, § 1117, 103 Stat. 515 (1989) (codified at 12 U.S.C. § 3346).

12. Neither FFIRREA nor any other federal law requires establishing a racial quota for a State appraiser certifying and licensing agency like AREAB.

13. AREAB's stated mission is to protect the public interest by ensuring that consumers of real estate appraisal services receive such services from appraisers who are fully qualified under state and federal law. In connection with that mission, AREAB interprets the laws, rules, and regulations governing real estate appraisal in Alabama. Its responsibilities include administering

testing of potential licensees, licensing qualified real estate appraisers, managing continuing education requirements, investigating complaints and allegations of misconduct, and taking disciplinary action against licensed real estate appraisers that violate its rules or regulations.

14. Under Alabama law, AREAB is comprised of nine members, all of whom are appointed by the Governor. Seven of the members must be real property appraisers (one from each of Alabama's congressional districts), one must be a representative of an appraisal management company, and one must be a member of the public who does not do real estate appraisal work.

15. From the time of its enactment in 1990, the statute creating AREAB included a racial quota, requiring that two of the nine board members "shall be of a minority race." Ala. Code § 34-27A-4. In 2004, the Alabama legislature slightly modified this language to say that "no less than two" members shall be racial minorities; it also added a requirement that "[t]he overall membership of the board shall be inclusive and reflect the racial, gender, geographic, urban/rural, and economic diversity of the state." *Id.*

16. Alabama's Administrative Code includes these same requirements, stating that "no less than two of the nine board members shall be of a minority race" and that "[t]he overall membership of the board shall be inclusive and reflect the racial, gender, geographic, urban/rural, and economic diversity of the state." Ala. Admin. Code 780-X-1-.02.

17. So long as this racial quota remains in place, members of the Alliance who are not racial minorities will never receive equal consideration for openings on AREAB.

**Current Board Opening**

18. The public or "at large" member position on AREAB is currently vacant and has been since November 2021.

19. There are currently fewer than two racial minorities on AREAB.

4

20. The Alliance has one or more members who are not racial minorities and who are qualified, ready, willing, and able to be appointed as public members of AREAB, including Member A.

21. Member A is a member of the Alliance and an adult citizen of Alabama who resides in Prattville. She is not a member of any racial minority group and does not identify as a racial minority. Member A is a staunch believer in and advocate for the importance of both public service and protecting constitutional rights, including property rights.

22. Member A is qualified, ready, willing, and able to be appointed to AREAB. She meets all the nonracial requirements to be appointed to AREAB. Neither Member A nor her spouse are engaged in the practice of real property appraising.

23. Member A has submitted an application to the Governor to be appointed to AREAB. But because of the racial quota in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02, she is ineligible to be appointed to the currently vacant public member position.

## CLAIM FOR RELIEF

### First Cause of Action

### (42 U.S.C. § 1983)

**Ala. Code § 34-27A-4 and Ala. Admin Code 780-X-1-.02 Violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

24. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 23.

25. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

26. Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured …."

27. Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02 require the Governor to consider and make decisions on the basis of the race of potential board members when making appointments to AREAB.

28. In considering and appointing members to AREAB, the Governor is acting in her official capacity and under color of state law.

29. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

30. The racial mandate in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02 does not serve a compelling government interest.

31. The racial mandate in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02 does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

32. Even if the racial mandate in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02 served a compelling government interest, it is not narrowly tailored to remediating past, intentional discrimination.

33. The racial mandate in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02 stereotypes individuals on the basis of race, mandates racial quotas, requires racial balancing, has no "good faith exception," and has no end date.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief.

1. A declaration that the racial mandate in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

2. A permanent prohibitory injunction forbidding the Governor and her agents from enforcing, or attempting to enforce, the racial mandate in Ala. Code § 34-27A-4 and Ala. Admin. Code 780-X-1-.02;

3. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

4. Such other relief as the Court deems just and proper.

DATED: February 13, 2024.

Respectfully submitted,

/s/ Glenn E. Roper
GLENN E. ROPER*
Colo. Bar No. 38723
Pacific Legal Foundation
1745 Shea Center Drive, Suite 400
Highlands Ranch, Colorado 80129
Telephone: (916) 503-9045
GERoper@pacificlegal.org
*Pro Hac Vice Pending*

*Attorney for Plaintiff*