# Exhibit C

**MINUTES**
**ALABAMA REAL ESTATE APPRAISERS BOARD**
**RSA UNION STREET**
**SUITE 370**
**MONTGOMERY, AL 36104**
**November 9, 2023**

**MEMBERS PRESENT:**
Mr. Chad Anderson (Chairman)
Mrs. Melanie Housh (Vice-Chairman)
Mr. Drew Watson
Mr. Roger Ball
Mr. Richard D. Pettey
Mr. Billy Cotter
Mr. Mark Haller
Mr. Robert Butler

**MEMBERS ABSENT:**
None

**STAFF PRESENT:**
Mrs. Lisa Brooks, Executive Director
Ms. Neva Conway, Legal Counsel
Mrs. Carolyn Greene, Executive Secretary
Mr. Jimmy Green, Investigator

**GUESTS PRESENT:**
Mr. Greg Fanin, Trainee
Mr. Scott DiBiasio, The Appraisal Institute

1.0   Mr. Chad Anderson, Chairman, called the meeting to order at 9:05 a.m. Mrs. Carolyn Greene, Executive Secretary, recorded the minutes. The meeting was held in the Suite 300 Conference Room of the RSA Union Building, 100 N. Union Street, Montgomery, Alabama. Prior notice of the meeting was posted on the Secretary of State's website on December 6, 2022, and updated on July 19, 2023, in accordance with the Alabama Open Meetings Act.

2.0   The meeting was opened with prayer led by Mr. Cotter and the Pledge of Allegiance, led by Mr. Haller.

3.0   Mr. Anderson asked Mrs. Greene to call a voice roll to establish a quorum. Board members present were Mr. Anderson, Mr. Mark Haller, Mr. Robert Butler, Mr. Billy Cotter, Mr. Rick Pettey, Mr. Roger Ball Mr. Drew Watson and Mrs. Melanie Housh. There were no members absent. A quorum was established.

Mr. Anderson welcomed the guests and asked them to introduce themselves.

1

4.0  On motion by Mrs. Housh and second by Mr. Ball, the regular minutes for September 21, 2023, were approved as written. Motion carried by unanimous vote.

At this time, Mr. Scott DiBiasio discussed the Appraisal Institute's PAREA program with the Board.

At 9:24 a.m., Mr. Anderson opened the floor for discussion.

Mr. Ball made a motion to proceed with drafting the framework to move forward with PAREA as an alternative to the traditional supervisor/trainee model for gaining appraisal experience. Mr. Watson seconded the motion. The Board voted to approve the motion and it carried by unanimous vote.

Ms. Conway will draft the Administrative Code change and present it to the Board in January. Ms. Conway told the Board that the Governor's moratorium on new rulemaking by executive branch agencies is expected to expire on March 1, 2024.

5.0  Ms. Conway informed the Board that the hearing for Richard Maloy has been continued to the January 2024 Board meeting.

6.0  The Board discussed purchasing equipment, etc. to facilitate the ability to have increased Board member participation in Board meetings via electronic means.

Ms. Conway discussed the new Congressional districts and how that might impact appointments the Governor made but were never confirmed in 2023.

7.0  On motion by Mr. Ball and second by Mr. Butler, the following applications were voted on as listed. Motion carried.

7.1  **Trainee Real Property Appraiser applications approved:** William Blake Pharr and Alicia Renee Van Horn. **Applications approved:** None. **Applications denied:** None.

**Trainee Real Property Appraiser Experience Logs for Review: Logs reviewed:** William Clayton Collins and Marshall K. Davidson. **Log Reviews deferred:** Conner Alexander Daniel, Christopher Andrew Hamby and Larry Daniel Watts.

7.2  **State Registered Real Property Appraiser applications approved:** None. **Applications deferred:** None. **Applications denied:** None.

7.3  **Licensed Real Property Appraiser applications approved:** Pamela A. Gurak (Recip)(CA). **Applications deferred:** None. **Applications denied:** None.

2

7.4 **Certified Residential Real Property Appraiser applications approved:** Grant Dickey, Isaac Gordy, Stuart Gregg (Recip)(GA), Tom Andy Hackney (Recip)(TX), David Mark Hicks (Recip)(TN), and Bernard Pedersoli (Recip)(IL). **Applications deferred:** Carolina Brooke Bosarge, Joshua Gary Robinson, and Kellie Summerlin and Ronald Curtis Vaughn. **Applications denied:** None.

7.5 **Certified General Real Property Appraiser applications approved:** Marius Andreasen (Recip)(IL), Michael Preston Bates (Recip)(GA), Walter Edward Gardiner (Recip)(LA), James Edward Justus (Recip)(TN), Brian Palumbo (Recip)(NY), Jason Ribelin (Recip)(TX), Lawrence Saucer (Recip)(FL), Michael Allen Stavinoha (Recip)(TX), Travis Raymond Steckler (Recip)(TN), Mark Edward Trippel (Recip)(FL), David J. Wagner (Recip)(WI), Cody Woodyard (Recip)(TX), and R. Jason Wright. **Applications deferred:** None. **Applications denied:** None.

7.6 **Mentor applications approved:** Jeffrey Blake Carter, Timothy Clayton Harris, and Terry Preston Little. **Applications deferred:** Jack D. Couch II, jason Lane Easter and Janice Lynnette Fendley. **Applications denied:** None.

The Board discussed the applications received from WAIV employees.

8.0 Mr. Pettey presented the Finance report for October 2023-2024, reported that the Board was 8% into Fiscal Year 2024 and 12% into budget expenditures and that there were no negative trends that could not be reconciled at this time.

On motion by Mr. Ball and second by Mrs. Housh, the Board voted to approve the Finance Report. Motion carried by unanimous vote.

9.0 On motion by Mrs. Housh and second by Mr. Haller, the following education courses and instructor recommendations on the November Education agenda were approved, deferred, or denied as indicated. Motion carried by unanimous vote.

### APPRAISAL INSTITUTE – ALABAMA/MISSISSIPPI CHAPTER

**New Application:**

(CE) 2024-2025 7-Hour National USPAP Update Course – 7 Hours – Classroom
(Instructor: Jacinto Munoz)
**Both Course and Instructor Approved**

3

**APPRAISAL INSTITUTE – CHICAGO CHAPTER**

**New Applications:**

(CE)   2024-2025 7-Hour National USPAP Update Course – 7 Hours – Classroom
   (Instructors: Brett Hall, Mark Smeltzer, and Craig Harrington)
   **Both Course and Instructors Approved**

(CE)   Fundamentals of Appraising Affordable Housing – 7 Hours - Classroom
   (Instructor: Claire Feuling)
   **Both Course and Instructor Approved**

**APPRAISER ELEARNING, LLC**

**New Application:**

(CE)   2024-2025 7-Hour National USPAP Update Course – 7 Hours – Classroom
   (Instructors: Bryan Reynolds, Diana Jacob, Joshua Walitt, Gregory Stephens, and Pam Teel)
   **Both Course and Instructors Approved**

**MCKISSOCK LLC**

**New Applications:**

(CE)   Live Webinar: 2024-2025 7-Hour National USPAP Update Course – 7 Hours - Online
   (Instructors: Alan Hummel, Alex Gilbert, Charles Fisher, Charles Huntoon, Dan Bradley, Diana Jacob, Greg Stephens, Howard Kanter, Jo Traut, josh Walitt, Julie Floyd, Kevin Hecht, Mel Black, Pam Teel, Philicia Lloyd, Rob McClelland, Rob Abelson, Rob Frazier, and Steve Maher)
   **Both Course and Instructors Approved**

(CE)   2024-2025 7-Hour National USPAP Update Course – 7 Hours - Online
   (Instructor: Dan Bradley)
   **Both Course and Instructor Approved**

10.0   **AB 21-22** On September 21, 2023, the Board approved a consent settlement with a Certified Residential Real Property Appraiser Sean Hollis, R00701 where the Licensee agreed to a six (6) month suspension of his license effective October 1, 2023, through March 31, 2024. The Violations in the report are: The appraiser does not analyze or address the four criteria relative to the highest and best use of the property. The appraiser indicates that the market is stable to increasing, however, there is no time adjustment.

4

- The subject site contains 9,800 SF. All of the comparables have larger sites. There is no support or explanation for the site adjustment or lack thereof. There is no support for site value in the appraisal or the work file.
- There is a difference in bedroom count from the subject to the comparables. There are adjustments for bedroom count with no support or explanation.
- There is a difference in bath count from the subject to the comparables. There are adjustments for bath count with no support or explanation.
- The appraiser indicates that there is no necessary adjustment for room count. However, given the fact that the comparables are 4-bedroom units, an adjustment for unit mix is appropriate.
- The subject contains 4,031 square feet which is larger than any of the comparables. There is an adjustment made with no corresponding support or explanation.
- The appraiser's concluded price per square foot is less than the indicated/adjusted range.
- The appraiser's concluded price per room is greater than the indicated/adjusted range.
- The appraiser's concluded price per bedroom is greater than the indicated/adjusted range.
- The subject site contains 9,800 SF. All of the comparables have larger sites. There is no support or explanation for the site adjustment or lack thereof. There is no support for site value in the appraisal or the work file.
- The appraiser has indicated MVS as the source of the cost for the improvements. However, there is no support in the appraisal or work file.

There is no support or explanation for depreciation. The rentals presented in the appraisal do not match the discussion.

There is no adjustment for the number of bedrooms in the rental presentation. This is typically a major factor in rental properties similar to the subject.

This an income producing property. Therefore, more explanation is needed for support of economic rent verses contract rent.

In the Replacement Reserve Schedule, the appraiser indicates the replacement of 1,400 yards of carpet. This equates to 12,600 square feet. This is incorrect.

The subject is an income producing property. The appraiser indicates that the Income Approach was included at the request of the client. Properties similar to the subject are bought and sold based on their ability to produce an income stream. The appraiser provides concluded values for each approach to value.

The appraiser's discussion in the reconciliation indicates that more consideration is given to the Income Approach. However, it appears that the appraiser gives more consideration to the Sales Comparison with support from the Income Approach. However, given the application of units of value outside of the ranges, see Sales Comparison Approach comments, it is not clear why this is the best indicator of value. The price per square foot, the

5

price per room, and the price per bedroom are outside the adjusted ranges. There is 15.79% difference between the Income Approach and the final estimate of value while there is only a 5.85% difference from the final estimate of value to the Cost Approach. Properties similar to the subject are bought and sold for their ability to produce income. The appraiser has not explained or supported the conclusions in the appraisal. More explanation supporting the reconciled final estimate of value is needed.

The appraisal lacks discussion and explanation for adjustments as well as support and reasoning for the reconciled final opinion of value.

The appraisal does not contain a sufficient highest and best use analysis with explanation and support. **STANDARDS RULE 1-3, 1-4, 2-2, USPAP, 2020-2021 Edition.**

**AB 22-29** On September 21, 2023, the Board approved a consent settlement with Certified General Real Property Appraiser Gilbert P. Johnson, G00144 where the Licensee agreed to pay a $875 Administrative Fine. The violations in the report are: The licensees work file did not contain data to support the licensees' opinions and conclusions. Licensee did not research and analyze the difference in the subject property and the comparable sales utilized to accurately determine the differences in the condition of the subject property and the comparable sales. Licensee made several adjustments to the comparable sales used in the Sales Comparison Approach to value without market support or explanation in the report or work file. This makes the sales comparison approach non-credible due to lack of support. This indicates that the licensee did not correctly employ the sales comparison approach to value to produce a credible appraisal.
Licensee did not properly research and analyze the data to make credibly market adjustments to the comparable sales utilized in the sales comparison approaches to value in the appraisal. Under Site value the licensee does not state where his opinion of value come from or what method was used. Licensee's reporting of data and opinions and conclusions that were not supported by relevant evidence or logic make this report misleading. Licensee's report failed to have sufficient information to support by relevant evidence and logic the licensee's opinions and conclusions and therefore the intended users could not properly understand the report properly. **RECORD KEEPING RULE, SCOPE OF WORK RULE, SCOPE OF WORK ACCEPTABILITY, STANDARDS RULE 1-1 (a), STANDARDS RULE 1-4(a), STANDARDS RULE 1-4(b)(i), STANDARDS RULE 2-1(a), STANDARDS RULE 2-1(b), USPAP, 2020-2021 Edition.**

Ms. Conway discussed with the Board the investigative status charts. Ms. Conway reported that 10 new Appraiser complaints and no new Appraisal Management Company (AMC) complaints were received since the September 2023 Board meeting, 12 complaints were dismissed, and 2 complaints were settled, leaving a total of 41 open complaints.

11.0    The Board reviewed Probable Cause Report **AB-22-46**: With Mrs. Housh and Mr. Anderson recusing, on motion by Mr. Haller and second by Mr. Ball, the Board voted that probable cause does not exist and to issue a Letter of Counsel. Motion carried by unanimous vote.

6

The Board reviewed Probable Cause Report **AB-22-47**: With Mr. Anderson and Mr. Ball recusing, on motion by Mrs. Housh and second by Mr. Butler, the Board voted that probable cause does not exist and to issue a Letter of Counsel. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-22-49**: With Mr. Haller and Mr. Anderson recusing, on motion by Mrs. Housh and second by Mr. Watson, the Board voted that probable cause does exist and to set this case for a hearing. Mr. Butler abstained. Motion carried.

The Board reviewed Probable Cause Report **AB-23-27**: With Mrs. Housh recusing, on motion by Mr. Haller and second by Mr. Butler, the Board voted that probable cause does not exist and to issue a Letter of Counsel. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-30**: With Mr. Haller recusing, on motion by Mr. Watson and second by Mrs. Housh, the Board voted that probable cause does not exist and to issue a Letter of Counsel. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-32**: With Mr. Ball recusing, on motion by Mr. Pettey and second by Mr. Butler, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-33 companion to AB-23-34**: With Mr. Haller recusing, on motion by Mr. Pettey and second by Mr. Cotter, the Board voted that probable cause does not exist and to issue a Letter of Counsel. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-34 companion to AB-23-33**: With Mr. Haller recusing, on motion by Mr. Pettey and second by Mr. Cotter, the Board voted that probable cause does not exist and to issue a Letter of Counsel. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-35**: With Mrs. Housh recusing, on motion by Mr. Pettey and second by Mr. Haller, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-36**: With Mr. Ball recusing, on motion by Mr. Haller and second by Mrs. Housh, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-37**: With Mrs. Housh recusing, on motion by Mr. Ball and second by Mr. Cotter, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

7

The Board reviewed Probable Cause Report **AB-23-38**: With Mr. Ball recusing, on motion by Mr. Watson and second by Mr. Butler, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-39**: With Mr. Haller recusing, on motion by Mr. Cotter and second by Mr. Pettey, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

The Board reviewed Probable Cause Report **AB-23-40**: With Mrs. Housh recusing, on motion by Mr. Haller and second by Mr. Pettey, the Board voted that probable cause does not exist and to dismiss this case. Motion carried by unanimous vote.

12.0    There were no Consent Settlement Orders to review at this time.

13.0    The following reciprocal licenses were issued since the July Board meeting: Marius Andreasen ('G' IL), Michael Preston Bates ('G' GA), Walter Edward Gardiner ('G' LA), Stuart Gregg ('R' GA), Pamela A. Gurak ('L' CA), Tom Andy Hackney ('R' TX), David Mark Hicks ('R' TN), James Edmund Justus ('G' TN), Brian Palumbo ('G' NY), Bernard Pedersoli ('R' IL), Jason Ribelin ('G' TX), Lawrence Saucer ('G' FL), Michael Allen Stavinoha ('G' TX), Travis Raymond Steckler ('G' TN), Mark Edward Trippel ('G' FL), David James Wagner ('G' WI), and Cody Woodyard ('G' TX).

14.0    The Temporary Permit report was provided to the Board for their information.

15.0    The Appraisal Management report was provided to the Board for their information.

16.0    The renewal report was included for Board information.

The Board discussed the meeting dates for 2024. On motion by Mr. Ball and second by Mr. Haller, the Board voted to move the Board meetings to the 2nd Thursday of every other month. Motion carried by unanimous vote.

Mr. Anderson discussed the possible purchase of iPads for Board meeting use. This item was tabled.

17.0    Ms. Conway reported on the Investigator/contract employee position. She informed the Board that she needs specifics for the RFP. The Board discussed the contractor holding a designation as a review appraiser or ten years of review experience. Mr. Watson suggested requesting specifications from other states and stated that he had met some resources at AARO.

|  |  |
|---|---|
|  | Mrs. Brooks discussed the purchase of eUSPAP books for all Alabama licensees. Mr. Pettey made a motion to provide each Alabama appraiser a copy of USPAP, with the cost not to exceed $100 per book. Mr. Ball seconded the motion. Mr. Butler opposed the motion. The motion carried. Mrs. Brooks will contact someone at the Foundation to determine how this will be carried out. |
|  | Mr. Butler suggested that the Board consider moving renewals to every other year and reducing the license fees. Mrs. Brooks and Ms. Conway explained that those changes would take an act of the Legislature. |
| 18.0 | Mr. Butler asked Mrs. Greene for a status on the report he requested of race and gender of appraisers licensed in Alabama. Mrs. Greene reported that this information is still forthcoming as renewals are being completed and licensees enter this information into the new licensing system. |
| 19.0 | At 11:35 a.m., on motion by Mr. Pettey and second by Mr. Ball, the Board voted to adjourn the regular Board meeting. Motion carried by unanimous vote. The Board's tentative meeting schedule for 2024 is January 11th, March 14th, May 9th, July 11th, September 12th, and November 14th, held in the RSA Union 3rd Floor Conference Room, 100 Union Street, Montgomery, AL 36104. |

Sincerely,

*Carolyn Greene*

Carolyn Greene
Executive Secretary
/cg

**APPROVED:** *CMA*
Chad Anderson, Chairman

9