### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, *a nonprofit corporation*, <br><br> *Plaintiff*, <br><br> v. <br><br> KAY IVEY, *in her official capacity as Governor of the State of Alabama*, <br><br> *Defendant*. | Civil Action No.: <br> 2:24-cv-00104-RAH-JTA |

**MOTION TO STRIKE "DECLARATION OF MEMBER A" (DOC. 11-6)**

Member A's anonymously signed "declaration" should be stricken because it violates basic constitutional, evidentiary, and equitable principles. Courts thus often reject the use of anonymous declarations as evidence—including by claimants seeking preliminary injunctive relief. *See, e.g.*, *KeyView Labs, Inc.*, No. 8:20-cv-2131-T-36AEP, 2020 WL 8224618, at *6 (M.D. Fla. Dec. 22, 2020) (refusing to consider such declarations and collecting similar cases). "The use of such declarations runs counter [to] the concept of an open judicial system embraced in this country and concepts of fairness to litigants." *EEOC v. BNSF Rwy. Co.*, No. 8:21-CV-369, 2022 WL 1265938, at *10 n.6 (D. Neb. Apr. 28, 2022). "Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws." *Doe v. L.A. Unif. Sch. Dist.*, No. 2:16-cv-00305, 2017 WL 797152, at *9 (C.D. Cal. Feb. 27, 2017) (cleaned up) (citation omitted). Simply put, "our system of justice does not contemplate the judicial resolution of disputes based on secret testimony." *Or. Socialist Workers 1974 Campaign Comm. v. Paulus*, 432 F. Supp. 1255, 1259 (D. Or. 1977).

Moreover, "[b]asic concepts of Due Process require . . . that defendant have the opportunity to rebut this testimony." *Id.* "In almost every setting where important decisions turn on questions

of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). An anonymous affidavit subverts these rights because a defendant "cannot even attempt to contradict or explain the assertions made in [the anonymous] declaration." *KeyView*, 2020 WL 8224618, at *6. And the use of such declarations becomes even more problematic where the defendant has contradicted some of the claimant's factual assertions. *Id.* Here, Member A's anonymity prevents Defendant from adequately being able to rebut her assertions—particularly, her assertions that she's actually qualified for appointment to the position she purports to seek. Confirmation of Member A's identity may reveal that she doesn't meet the qualifications or that her appointment would have been rejected for some other reason such as a criminal record, the potential for public controversy, or any other reason that the questions on the appointment application seek to ferret out. *See, e.g.*, Doc. 18-5 at 2-7.

An anonymous declaration presents more targeted evidentiary problems as well. For one, such declarations do not comply with 28 U.S.C. § 1746 because "[w]ithout any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under 'penalty of perjury.'" *Doe*, 2017 WL 797152, at *9. Next, such declarations present authentication problems under Federal Rule of Evidence 901. Particularly when considered with the previous issue, an anonymous declaration not properly executed does not constitute "evidence sufficient to support a finding that the item is what the proponent claims it is"—i.e., testimony of an actual member of AAER. Lastly, even if it were otherwise admissible, the anonymous declaration should still be excluded as unduly prejudicial under Federal Rule of Evidence 403. An anonymous declaration is "entitled to diminished evidentiary weight . . ., if any weight at all." *Do No Harm v. Pfizer, Inc.*, 646 F. Supp. 3d 490, 506 (S.D.N.Y. 2022), *aff'd* —F.4th—, 2024 WL 949506 (2d Cir.

Mar. 6, 2024).[1] By contrast, its use is unfairly prejudicial—extremely so—to Defendant because as discussed above it is unduly difficult (if not impossible) to rebut Member A's anonymous assertions, particularly in the short time frame available to rebut AAER's TRO motion filed Monday evening. Rule 403's balancing test is easy here: the highly prejudicial use of this anonymous declaration far outweighs its diminished (at best) probative value. For any of these reasons, the anonymous declaration of Member A should be excluded.

Lastly, AAER should not benefit from its failure to pursue the proper mechanisms for preventing disclosure of Member A's identity. It could have moved for a protective order or for leave to file an accurate signed declaration under seal and a redacted copy on the docket. Instead, it has sought to keep both Defendant and the Court in the dark as to the facts surrounding its purported member. *See BNSF Rwy. Co.*, 2022 WL 1265938, at *6 n.6 ("Moreover, the EEOC had alternatives to such "anonymous" declarations, including petitioning for a protective order either at or before the TRO hearing."). "'[A]bsent extraordinary circumstances, witnesses do not testify anonymously under our system of laws.'" *Doe*, 2017 WL 797152, at *9 (citation omitted). Indeed, it is the anonymous or pseudonymous party's "burden to establish, in the first instance, that [its] privacy rights outweigh the presumption of judicial openness." *In re: Chiquita Brands, Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (citation omitted). AAER and Member A have made no attempt to satisfy this burden. Nor should they be able to do so belatedly after Defendant has already been prejudiced by having to respond to AAER's improper evidence.

At any rate, such a belated motion would be futile. The Eleventh Circuit has set forth factors to consider when a *plaintiff* (not just a witness) seeks to proceed pseudonymously. *See Doe v.*

---

[1] Just last week in *Do No Harm*, the Second Circuit also held that an association must identify at least one member by name at the preliminary injunction stage to satisfy Article III standing. *See* 2024 WL 949506, at *11 (2d Cir. Mar. 6, 2024)

*Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019) (per curiam). Most relevant here, Member A asserts only an unadorned and conclusory "fear [of] the possibility of reprisal" (with no mention specifically of violence or physical harm), Doc. 11-6 ¶ 8, and proceeding anonymously poses unique threats of fundamental unfairness to Defendant as discussed above. Moreover, under the circumstances of this case—in which Member A purports to seek to hold *public* office as the designated representative *of the public*—the public itself has an overwhelming right to know who she is. Any (now untimely) request to proceed anonymously would be due to be denied.

For all these reasons, Defendant respectfully requests that this Court strike the anonymous affidavit of Member A.

Dated: March 14, 2024

Respectfully submitted,

Steve Marshall
  *Attorney General*

/s/ Brenton M. Smith
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7300
Fax: (334) 353-8400
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

***Counsel for Governor Kay Ivey***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record.

/s/ Brenton M. Smith
***Counsel for Governor Kay Ivey***