IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama,<br><br>Defendant. | Civil Action No. 2:24−cv−104-RAH-JTA<br><br>**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY DEFENDANT'S MOTION TO STRIKE SHOULD NOT BE GRANTED** |

Despite asking the Court to strike Member A's pseudonymous signed declaration, the Governor is unable to point to a single case where any court has ever done so. At most, the Governor's bluster concerning Member A's declaration may go to the weight the Court affords it. But there is no basis in law for the Court to strike the declaration. The Governor's Motion to Strike should be denied.[1]

**First**. None of the Governor's cited cases struck a declaration of an anonymous or pseudonymous declarant. The Governor's lead case is *KeyView Labs, Inc. v. Barger*, No. 8:20-cv-2131-T-36AEP, 2020 WL 8224618 (M.D. Fla. Dec. 22, 2020). But the decision doesn't support the Governor's motion. The *KeyView Labs* court was concerned that the anonymous declaration "was of little probative value" to the underlying issues, and so afforded it little weight. *Id.* at *10. But notably, the declaration was not struck. The same is true of *EEOC v. BNSF Rwy. Co.*, No. 8:21-

---

[1] Plaintiff recognizes that this is a response to the Court's show cause order, and not an opposition to the Motion to Strike. However, because the motion is baseless, the Court need not await full briefing, and ought to deny the motion. However, Plaintiff can provide a more complete opposition in accordance with the usual motion timelines if it will aid the Court.

1

CV-369, 2022 WL 1265938 (D. Neb. Apr. 28, 2022). There, again, the court expressed concerns about veracity of the anonymous declarants, but ultimately considered them. *Id.*

At least those two unpublished district court opinions concerned anonymous declarations offered on a preliminary injunction motion. The same cannot be said of *Doe v. Los Angeles Unified Sch. Dist.*, No. 2:16-cv-00305, 2017 WL 797152 (C.D. Cal. Feb. 27, 2017), or O*regon Socialist Workers 1974 Campaign Comm. v. Paulus*, 432 F. Supp. 1255 (D. Or. 1977). Both *Doe* and *Oregon Socialist Workers* were decided on summary judgment. But even given that caveat, in *Oregon Socialist Workers*, the court again considered the anonymous declarations, but simply afforded them little weight on summary judgment. 432 F. Supp. at 1259–60. In contrast, although it did not strike the anonymous declaration in *Doe*, the court "decline[d] to consider" them on summary judgment. *Doe*, 2017 WL 797152, at *9.

In sum, the Governor was only able to muster a single out-of-circuit, unpublished case that "declined to consider" anonymous declarants on summary judgment. Such a paucity of caselaw support is reason enough to deny the Governor's motion.

**Second**. The posture of the case matters. The Rules of Evidence simply don't apply at the TRO/Preliminary injunction stage of proceedings. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). There is good reason for this rule. Nothing in the text of Federal Rule of Civil Procedure 65 (which governs preliminary injunctions) requires declarations to set out facts that would be admissible in evidence, in noted contrast to Rule 56 (which governs summary judgment). *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 718–19 (3d Cir. 2004); *Cobell v. Norton*, 391 F.3d 251, 260–61 (D.C. Cir. 2004); Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed.) (explaining that the rule requiring evidence to "be admissible" does "not apply in the [preliminary-injunction] context").

Evidence at this stage can be less formal and even inadmissible. "At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is 'appropriate given the character and objectives of the injunctive proceeding.'" *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (citation omitted); *see also Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993) ("[A]t the preliminary injunction stage, … the district court may rely on otherwise inadmissible evidence, including hearsay evidence."); *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725–26 (4th Cir. 2016) (agreeing with seven other circuits that "district courts may look to … inadmissible evidence when deciding whether a preliminary injunction is warranted"), *vacated on other grounds*, 580 U.S. 1168 (2017).

Because "'[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings,'" "challenges to the admissibility of [evidence] are inappropriate at this stage in the proceedings." *Heartland Animal Clinic, P.A. v. Heartland SPCA Animal Med. Ctr., LLC*, 503 F. App'x 616, 620 (10th Cir. 2012) (quoting *Heideman*, 348 F.3d at 1188).

**Third**. The Eleventh Circuit has repeatedly allowed pseudonymous declarations on behalf of organizational plaintiffs. "[F]or prospective equitable relief, organizational plaintiffs 'need not "name names" to establish standing.'" *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Georgia*, 833 F. App'x 235, 240 n.8 (11th Cir. 2020) (citation omitted); *see also Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1124 (11th Cir. 2022) (organization had standing despite only providing pseudonymous declarations of its members). Indeed, the plaintiff in this very case—American Alliance for Equal Rights—was found in a recent case to have standing in seeking a preliminary injunction despite only providing pseudonymous declarations. *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, No. 1:23-CV-3424-TWT, 2023 WL 6295121, at *2 (N.D. Ga.

3

Sept. 27, 2023) ("[A]t the preliminary injunction stage, the Plaintiff does not lack standing for failing to name its injured members by name.")[2].

**Fourth**. Although the Federal Rules of Evidence do not apply at this stage of the proceedings, anonymous declarations do not violate 28 U.S.C. § 1746 when the declarant can be identified; and here, Member A could be identified by Ed Blum and the Alliance's lawyers (in camera). *Springer v. IRS*, Nos. S97–0091, S–97–0092, S–97–0093, 1997 WL 732526, at *5 (E.D. Cal. Sept. 12, 1997); *McGehee v. Neb. Dep't of Corr. Servs.*, No. 4:18CV3092, 2019 WL 1227928, at *2 (D. Neb. Mar. 15, 2019), *vacated for subsequent mootness*, 987 F.3d 785 (8th Cir. 2021).

**Fifth**. There is zero prejudice to the Governor from Member A's declaration. Ed Blum, President of the Alliance, has testified in his simultaneously submitted declaration that Member A is a member of the Alliance and "ready and able" to be appointed to the Board. The Governor makes no attempt to strike this testimony, and it suffices on its own to establish Member A's injury from the challenged statute. *See Marszalek v. Kelly*, No. 20-cv-04270, 2021 WL 2350913, at *4 (N.D. Ill. June 9, 2021) ("[I]t is not clear how a more specific identification could be accomplished at this stage without explicitly naming the affected member, a step that associational standing does not require."); *NRDC v. Mineta*, No. 04 Civ.5380, 2005 WL 1075355, at *5 (S.D.N.Y. May 3, 2005) (holding that declarations from "the organization principals" could alone establish standing, since "individual members" need not "'be identified in order to confer organizational standing'") (citation omitted).

---

[2] Although the district court found that the Alliance had standing, it ultimately denied the preliminary injunction motion. However, the Eleventh Circuit quickly issued a stay of that decision. *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, No. 23-13138, 2023 WL 6520763, at *1 (11th Cir. Sept. 30, 2023). In its opinion, the Eleventh Circuit again reiterated that the pseudonymous declarations were sufficient to show that "the plaintiff 'clearly' has standing." *Id.* at *1.

For all of these reasons, the Governor's Motion to Strike should be denied.

DATED: March 15, 2024.

          Respectfully submitted,

          /s/ Joshua P. Thompson
          JOSHUA P. THOMPSON*
          Cal. Bar No. 250955
          Pacific Legal Foundation
          555 Capitol Mall, Suite 1290
          Sacramento, California 95814
          Telephone: (916) 419-7111
          JThompson@pacificlegal.org

          *Pro Hac Vice*

          *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record:

Brenton Merrill Smith at Brenton.Smith@AlabamaAG.gov.

Benjamin M. Seiss at Ben.Seiss@AlabamaAG.gov

James William Davis at Jim.Davis@AlabamaAG.gov

/s/ Joshua P. Thompson
JOSHUA P. THOMPSON
*Attorney for Plaintiff*