# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama,<br><br>　　　　Defendant. | Civil Action No. 2:24-cv-00104-RAH-JTA<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO VACATE PROTECTIVE ORDER AND BRIEFING SCHEDULE** |

　　Plaintiff American Alliance for Equal Rights moves to vacate the protective order and briefing schedule issued by the Court on March 25 because the Alliance no longer seeks to keep Member A's identity confidential. The Alliance has conferred with counsel for the Governor, who does not oppose this motion.

　　In support of the motion, the Alliance states as follows:

　　1.　　This lawsuit challenges the requirements that the Alabama Real Estate Appraisers Board (AREAB) must include at least two members "of a minority race" and that "[t]he overall membership of the board shall … reflect the racial … diversity of the state." Ala. Code § 34-27A-4; *see also* Ala. Admin. Code 780-X-1-.02.

　　2.　　The Alliance alleges that it has members who are qualified, ready, willing, and able to be appointed to AREAB—including "Member A," a citizen of Alabama who submitted an application for the public member position on AREAB but is ineligible because she is not a racial minority. ECF No. 1 ¶¶ 8, 20–23.

1

3. On March 15, the Court held a preliminary injunction hearing, during which counsel for the Governor requested a protective order that would allow confidential disclosure of Member A's identity to the Governor's counsel.

4. On March 25, the Court issued an Order that: (1) granted the requested protective order, (2) directed the Alliance to disclose Member A's identity to the Governor's counsel on or before March 29, (3) prohibited the parties from disclosing Member A's identity in any public filing unless ordered by the Court, and (4) set a schedule for the parties to brief the issue of whether Member A can remain anonymous. ECF No. 33.

5. The Alliance's position is that under current law in the Eleventh Circuit, an organizational plaintiff can refer to its standing members with pseudonyms alone.

6. However, the Alliance has decided that it will no longer insist that Member A's identity remain confidential in this litigation. That decision is based on multiple factors unique to this case, including: privileged discussions with the Alliance and Member A; the Court's order that the Alliance must disclose Member A's identity to the Governor's counsel; and the fact that Member A submitted an application for a position on the AREAB that already disclosed Member A's identity to the Governor and that may be a public record under Alabama law.

7. The Alliance will comply with the Court's order to disclose Member A's identity to the Governor's counsel on or before March 29.

WHEREFORE, because the Alliance no longer seeks to keep Member A's identity confidential for purposes of this litigation, it respectfully requests that the Court vacate the protective order and the briefing schedule on the issue of Member A's identity.

DATED: March 27, 2024.

    Respectfully submitted,

/s/ Glenn E. Roper
GLENN E. ROPER*
Colo. Bar No. 38723
Pacific Legal Foundation
1745 Shea Center Drive, Suite 400
Highlands Ranch, Colorado 80129
Telephone: (916) 503-9045
GERoper@pacificlegal.org

JOSHUA P. THOMPSON*
Cal. Bar No. 250955
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
JThompson@pacificlegal.org

*Pro Hac Vice*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record:

Brenton Merrill Smith at Brenton.Smith@AlabamaAG.gov

Benjamin M. Seiss at Ben.Seiss@AlabamaAG.gov

James William Davis at Jim.Davis@AlabamaAG.gov

                                                      /s/ Glenn E. Roper
                                                      GLENN E. ROPER
                                                      *Attorney for Plaintiff*