## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, *a nonprofit corporation*,<br><br>       *Plaintiff*,<br><br>v.<br><br>KAY IVEY, *in her official capacity as Governor of the State of Alabama*,<br><br>       *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No.:**<br>  **2:24-cv-00104-RAH-JTA** |

## <u>ANSWER</u>

Defendant Kay Ivey, Governor of the State of Alabama, for her Answer to Plaintiff's Complaint (doc. 1), states as follows:

### Answers to Numbered Paragraphs

1.      Admitted as to the first sentence. Otherwise, Defendant lacks sufficient information to admit or deny the allegation in the second sentence and thus denies.

2.      Admitted that the Board is "one such board" that "has a strong tradition of citizens offering their unique talents" and that the Board "regulates, licenses, and investigates real estate appraisers to ensure they meet the high standards of the profession." Otherwise denied.

3.      Admitted that "such blatant racial discrimination" would be "demeaning, patronizing, un-American, and unconstitutional" and would "serve[] no legitimate government purpose." Denied that such discrimination occurred here or must occur during the appointment process to the Board. Otherwise denied.

4.      Admitted that—assuming Member A identified in the complaint is Laura Clark per AAER's counsel's separate disclosure to Governor Ivey's counsel—Member A submitted an

application to be appointed to the public member position of the Board. Otherwise, Defendant lacks sufficient information to admit or deny the remaining allegations and thus denies.

5.      Admitted that AAER brings this lawsuit under 42 U.S.C. § 1983. Otherwise denied.

6.      Admitted that AAER asserts a federal cause of action over which this Court would have jurisdiction. Denied that this Court has subject-matter jurisdiction over this action. Otherwise denied.

7.      Admitted that venue is proper in this Court. Otherwise denied.

8.      Defendant lacks sufficient information to admit or deny the allegations and thus denies.

9.      Admitted that Kay Ivey is the Governor of the State of Alabama, is vested with authority to make appointments to the Board, and is sued in her official capacity. Otherwise denied.

10.     Admitted.

11.     Admitted.

12.     Defendant lacks sufficient information to admit or deny the allegations and thus denies.

13.     Admitted.

14.     Alabama law speaks for itself. Otherwise denied.

15.     Alabama law speaks for itself. Otherwise denied.

16.     Alabama law speaks for itself. Otherwise denied.

17.     Denied.

18.     Admitted.

19.     Admitted.

20.     Defendant lacks sufficient information to admit or deny the allegations and thus denies.

2

21.     Defendant lacks sufficient information to admit or deny the allegations and thus denies.

22.     Defendant lacks sufficient information to admit or deny the allegations and thus denies.

23.     Admitted that—assuming Member A identified in the complaint is Laura Clark per AAER's counsel's separate disclosure to Governor Ivey's counsel—Member A submitted an application to be appointed to the public member position of the Board. Denied that she is or was ineligible to be appointed to the public member position because of the racial quota or her race. Otherwise denied.

24.     Defendant adopts and incorporates the foregoing responses as if fully set forth herein.

25.     The Fourteenth Amendment to the U.S. Constitution speaks for itself. Otherwise denied.

26.     42 U.S.C. § 1983 speaks for itself. Otherwise denied.

27.     Alabama law speaks for itself. Otherwise denied.

28.     Admitted.

29.     The Fourteenth Amendment speaks for itself. Otherwise denied.

30.     Admitted that the language providing that "no less than two of the nine board members shall be of a minority race" "does not serve a compelling government interest." Otherwise denied.

31.     Admitted that the language providing that "no less than two of the nine board members shall be of a minority race" "does not remediate any specific instances of racial discrimination that violated the Constitution or statutes." Otherwise denied.

32.     Admitted that the language providing that "no less than two of the nine board members shall be of a minority race" "is not narrowly tailored to remediating past, intentional discrimination." Otherwise denied.

33.     Admitted that the language providing that "no less than two of the nine board members shall be of a minority race" "stereotypes individuals on the basis of race," "has no 'good faith exception,'" and "has no end date." Otherwise denied.

**PRAYER FOR RELIEF:** Defendant denies that Plaintiff is entitled to any relief.

### General Denial

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted above.

### Additional Defenses

1.     The requirement that "no less than two of the nine board members shall be of a minority race" is an unconstitutional racial quota, which Defendant does not currently enforce and will not enforce in the future because it is inconsistent with the U.S. Constitution.

2.     This Court lacks subject-matter jurisdiction.

3.     Sovereign immunity deprives this Court of subject-matter jurisdiction.

4.     Plaintiff's failure to plead the identity of a member alleged to have been injured by the alleged events or omissions giving rise to this suit is insufficient to establish standing.

5.     Plaintiff lacks standing.

6.     Neither Plaintiff nor its members (if any) suffered any injury.

7.     Because Defendant does not and will not enforce the language providing that "no less than two of the nine board members shall be of a minority race," Plaintiffs lacks standing to obtain prospective relief.

4

8.     This case became moot when Defendant appointed nine members to the Board.

9.     This case is moot because a judgment from this Court would accomplish nothing given that Defendant does not and will not enforce the language providing that "no less than two of the nine board members shall be of a minority race."

10.    This case will become moot upon Senate confirmation of the pending nine appointees.

11.    Plaintiff fails to state a claim upon which relief can be granted.

12.    Allegations merely consistent with enforcing a quota do not clear the plausibility threshold for stating a claim.

13.    Defendant was not required to consider race when she appointed Mr. Mills to the Board.

14.    Defendant did not enforce the language providing that "no less than two of the nine board members shall be of a minority race" when she decided to appoint Mr. Mills to the Board.

15.    The general language providing that "[t]he overall membership of the board shall be inclusive and reflect the racial, gender, geographic, urban/rural, and economic diversity of the state" is hortative and unenforceable. Regardless, it does not compel the appointment of any specific candidate or of any number of candidates on the basis of race and is thus not an unconstitutional racial quota.

16.    The Constitution does not place an affirmative obligation on Defendant to appoint or avoid appointing any specific number of individuals of a particular race. It simply imposes an obligation to not make such appointments for predominantly racial—as opposed to traditional appointment—motivations.

17.    Plaintiff has no lawful remedy.

18.    Plaintiff is not entitled to equitable relief because of laches.

19.     Plaintiff is not entitled to equitable relief because of unclean hands.

20.     Plaintiff is not entitled to injunctive relief because declaratory relief would be sufficient.

21.     Plaintiff is not entitled to any relief because Defendant does not and will not enforce the language providing that "no less than two of the nine board members shall be of a minority race," which obviates the need for the relief that Plaintiff requests.

Respectfully submitted,

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

/s/ Benjamin M. Seiss
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7300
Fax: (334) 353-8400
Ben.Seiss@AlabamaAG.gov

***Counsel for Governor Ivey***

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 29, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record.

/s/ Benjamin M. Seiss
***Counsel for Governor Ivey***