IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:24-cv-104-RAH |
| v. | ) [WO] ) ) |
| KAY IVEY, *in her official capacity as* *Governor of the State of Alabama*, | ) ) ) |
| Defendant, | ) ) ) |
| v. | ) ) |
| ALABAMA ASSOCIATION OF REAL ESTATE BROKERS, | ) ) ) ) |
| Intervenor Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

The Alabama Association of Real Estate Brokers (AAREB), a trade association and civil rights organization for black real estate professionals, moves to intervene. It seeks to challenge Plaintiff's attempt to secure a declaration that the racial mandate in Alabama Code § 34-27A-4 and Alabama Administrative Code § 780-X-1-.02 violates the Equal Protection Clause, U.S. Const. amend. XIV. Arguing that AAREB does not meet the Rule 24 intervention requirements and that intervention would be futile and waste resources because they are close to settling the dispute, the parties resist. Whether a third party may intervene is not a solely result-driven analysis as Defendant would have it. And although Plaintiff considers

1

AAREB's perspective on its underlying claim too generalized to join in, the Motion will be granted.

## II. BACKGROUND

After the denial of Plaintiff's motion for a temporary restraining order and preliminary injunction, the parties notified the Court that they intended to settle this dispute. Both sides seemed to agree that the racial mandate at issue violates the Equal Protection Clause.[1] The parties are free to settle, of course, but whether the Court concurs with their purported agreement that the racial mandate is constitutionally infirm and grants the requested relief, whatever it may be, is a question for another day.

AAREB caught wind of the parties' possible agreement and the prospect of a looming settlement, so it moved to intervene before the parties' deadline to file their planning report. It "seeks to participate in this case to present a fulsome defense of the legality and enforceability of the two statutory requirements" at issue, essentially offering the viewpoint in opposition to the parties' position that the race-based provisions are unconstitutional. (Doc. 40.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 24 sets out the circumstances under which a party may intervene as of right or, subject to the Court's discretion, permissively intervene. Fed. R. Civ. P. 24. A party has a right to intervene when either a federal statute grants a conditional right to do so or the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the

---

[1] The challenged provisions command that "no less than two of the nine [Alabama Real Estate Appraisers Board] members shall be of a minority race" and the "overall membership of the board shall be inclusive and reflect the racial, gender, geographic, urban/rural, and economic diversity of the state." Ala. Code § 34-27A-4; Ala. Admin. Code § 780-X-1-.02.

2

movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* at 24(a). A court may also permit intervention to anyone with "a claim or defense that shares with the main action a common question of law or fact," *id.* at 24(b)(1)(B), but in exercising its discretion, a court must consider whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights," *id.* at 24(b)(3).

In either case, the motion to intervene must be timely. *Id.* at 24(a) & (b). Four factors determine timeliness: (1) how long the movant "knew or reasonably should have known of his interest in the case before" seeking to intervene; (2) "the extent of the prejudice that existing parties may suffer as a result of the [movant's] failure to apply for intervention as soon as he actually knew or should have known of his interest;" (3) "the extent of the prejudice" to the movant if he is denied intervention; and, (4) whether "unusual circumstances weighing for or against a determination of timeliness" exist. *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019) (citing *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017)).

Mere knowledge that an action is pending, "without appreciation of the potential adverse effect an adjudication of the action may have on one's interest, does not preclude intervention." *Id.* (citation omitted). "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene. In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right." *Id.* (citation omitted).

## IV. DISCUSSION

To start, Defendant says nothing of the requirements to intervene. She contends only that AAREB's intervention is baseless because it would not or should not change the outcome of this case, and it would waste resources. To the extent

3

that Defendant argues her view on the merits of Plaintiff's underlying claim should foreclose intervention, the argument is unhelpful—no matter how likely the outcome on the merits of the underlying claim may be. Whether AAREB's intervention at this moment affects the end-result of the case is not dispositive without a careful look at whether AAREB meets the Rule 24 requirements.

*First*, the parties do not contest AAREB's standing to intervene. That so, suffice it to say that AAREB can, at least, "piggyback" on the parties' standing because it seeks to intervene pre-settlement in this newly-filed case (it was filed just three months ago, on February 13, 2024), while there "exists a justiciable case or controversy between the parties already in the lawsuit" in which Plaintiff still requests "judicial resolution of the dispute" against Defendant. *Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1336, 1338 (11th Cir. 2007) (citations omitted) (alteration adopted).

*Second*, AAREB's Motion is timely, and the parties do not dispute timeliness anyway. Plaintiff filed the Complaint just three months ago and Defendant filed her Answer only a few weeks ago. AAREB sought intervention within a reasonable time from the moment it knew or should have known of its interest in this action. The parties do not raise any unusual circumstances weighing for or against timeliness. Thus, there is no prejudice to the parties on timeliness grounds, and AAREB may be prejudiced if denied the opportunity to argue for the constitutionality of the challenged provisions before the Court rules on a dispositive motion or considers the parties' purported agreement that the racial mandate is unconstitutional.

*Third*, Plaintiff is correct that AAREB does not satisfy Rule 24(a)(2).[2] Under that rule, the interest requirement is "flexible[,]" *Chiles v. Thornburgh*, 865 F.2d

---

[2] The parties do not identify a statutory right to intervene here, and the Court finds none.

4

1197, 1213 (11th Cir. 1989) (citation omitted), but it must "be one which the *substantive* law recognizes as belonging to or being owned by the applicant," *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (emphasis in original) (citation omitted).  The protectible interest must therefore "derive[] from a legal right." 425 F.3d at 1311.  AAREB asserts that its legal interest is "ensuring both that the [Alabama Real Estate Appraisers Board (the Board)] includes historically excluded racial minorities and that an effort is made to include a range of perspectives.  AAREB's members include licensed appraisers who are directly regulated by the [] Board, one member who currently serves on the [] Board, and other members who may later apply to serve." (Doc. 40-1 at 11.) It also says that "[t]o enhance inclusivity and representation in the appraising profession, AAREB encourages its members to participate on public boards like the [] Board and engages in mentoring and outreach to historically underrepresented groups." (*Id.*)  Worthy activities and genuine concerns, yes, but AAREB has not shown a substantively legal right, separate from a generalized grievance any member of the public may raise, connected to Defendant's own legal interest or the board-appointment process.  *Cf. Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982).  Absent a showing that AAREB possesses a legally protectible interest relating to the "transaction that is the subject of the action," it may not intervene as of right.  Fed. R. Civ. P. 24(a)(2).

*Fourth*, even so, the Court will permit intervention under Rule 24(b). AAREB's defense shares a common question of law with the parties' dispute; that is, whether the challenged statutory provisions are constitutional.  And the case is a mere three months old.  There is little doubt intervention will delay resolution of the dispute, but that delay is not undue or overly prejudicial to the adjudication of the parties' rights.  They seem to agree the racial mandate at issue is unconstitutional. An interested third party—AAREB—disagrees.  This action involves a significant

5

constitutional question and, having satisfied Rule 24(b), AAREB has shown it must be heard. Each position will receive due consideration in a consequential dispute like this, on a topic of great magnitude, especially when the result could impact public appointments well beyond the Alabama Real Estate Appraisers Board. Again, deciding which side prevails is for another day. For now, at least, AAREB will have its ticket to the debate.

## V. CONCLUSION

It is therefore **ORDERED** as follows:

1. The Alabama Association of Real Estate Brokers' *Motion to Intervene* (doc. 40) is **GRANTED**;

2. On or before **May 14, 2024**, AAREB shall file a responsive pleading to Plaintiff's Complaint (doc. 1);

3. AAREB's *Motion for Leave to File Reply* (doc. 53) is **DENIED as moot**.

**DONE** on this the 7th day of May 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE