IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama,<br><br>        Defendant,<br><br>  and<br><br>ALABAMA ASSOCIATION OF REAL ESTATE BROKERS, a nonprofit corporation,<br><br>        Intervenor Defendant. | Civil Action No. 2:24-cv-00104-RAH- JTA |

**INTERVENOR DEFENDANT'S ANSWER**

    Intervenor Defendant, the Alabama Association of Real Estate Brokers, through counsel, answers the Complaint filed by the Plaintiff in the above-styled action as follows:

    Intervenor Defendant denies each allegation in Plaintiff's Complaint unless expressly admitted below.

**INTRODUCTION**

    1.    Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

    2.    Admitted that AREAB "regulates, licenses, and investigates real estate appraisers to ensure they meet the high standards of the profession." Further admitted that Ala. Code § 34-27A-4 states that "no less than two of the nine board members shall be of a minority race." The

remaining allegations in this paragraph contain legal conclusions and Plaintiff's characterization of the law to which no answer is necessary. To the extent a response is required, Intervenor Defendant denies the allegations in this paragraph.

3. Denied.

4. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

5. Admitted that the Alliance brings this lawsuit under 42 U.S.C. § 1983. Otherwise denied.

## JURISDICTION AND VENUE

6. Admitted that this Court has jurisdiction over claims brought under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Denied to the extent that this paragraph alleges that this Court has subject matter jurisdiction over this action.

7. Admitted.

## PARTIES

8. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

9. Admitted that Kay Ivey is the Governor of the State of Alabama, is vested with authority to make appointments to AREAB, and is sued in her official capacity. The remaining allegations in this paragraph contain legal conclusions and Plaintiff's characterization of the law to which no answer is necessary. To the extent a response is required, Intervenor Defendant denies the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

10. Admitted.

11. This paragraph contains a legal statement to which no answer is necessary. The FFIRREA speaks for itself. Intervenor Defendant otherwise lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and therefore denies them.

12. This paragraph contains legal conclusions and Plaintiff's characterization of the law to which no answer is necessary. To the extent a response is required, Intervenor Defendant denies the allegations in this paragraph.

13. Admitted that AREAB's stated mission is "[t]o protect the public interest by assuring that all consumers of real estate appraisal services receive such services from appraisers who are fully qualified in accordance with both Federal and State Law." Admitted that this paragraph includes some of AREAB's powers and duties under Ala. Code § 34-27A-5. Otherwise denied.

14. Admitted.

15. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

16. This paragraph contains a legal statement to which no answer is necessary. Alabama law speaks for itself.

17. Denied.

18. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

19. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

20. Intervenor Defendant lacks sufficient knowledge or information to admit or deny

the allegations in this paragraph, and therefore denies them.

21. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

22. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

23. Intervenor Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies them.

## CLAIM FOR RELIEF

24. Intervenor Defendant adopts and incorporates the responses contained in Paragraphs 1 through 23 as if fully set forth herein.

25. This paragraph contains a legal statement to which no answer is necessary. The Fourteenth Amendment to the United States Constitution speaks for itself.

26. This paragraph contains a legal statement to which no answer is necessary. 42 U.S.C. § 1983 speaks for itself.

27. This paragraph contains a legal statement and Plaintiff's characterization of the law to which no answer is necessary. To the extent a response is required, Intervenor Defendant denies the allegations in this paragraph.

28. Admitted.

29. This paragraph contains a legal statement and Plaintiff's characterization of the law to which no answer is necessary. To the extent a response is required, Intervenor Defendant denies the allegations in this paragraph.

30. Denied.

31. Denied.

32.   Denied.

33.   Denied.

## PRAYER FOR RELIEF

Intervenor Defendant denies that Plaintiff is entitled to any relief. Intervenor Defendant asks that the Court deny any request for injunctive relief and declare that the challenged provisions are valid and enforceable.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint fails to state a claim upon which relief could be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.   Plaintiff lacks standing.

3.   Plaintiff and its members have not suffered any injury.

4.   This Court lacks subject matter jurisdiction.

May 14, 2024                                    Respectfully submitted,

/s/ Martin E. Weinberg
Martin E. Weinberg
Ala. Bar No. ASB-0817-A61W
Law Firm of Martin E. Weinberg
P.O. Box 154
Shannon, Alabama 35142
(205)785-5575
attorneyweinberg@bellsouth.net

Victoria Nugent*
D.C. Bar. No. 470800
Sunu Chandy*
D.C. Bar No. 1026045
Brooke Menschel

Ala. Bar No. ASB-7675-Z61K
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090 Ext. 1011
vnugent@democracyforward.org
schandy@democracyforward.org
bmenschel@democracyforward.org

*Pro Hac Vice*
*Counsel for Intervenor Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record:

James William Davis, Jim.Davis@AlabamaAG.gov

Benjamin M. Seiss, Ben.Seiss@AlabamaAG.gov

Brenton Merrill Smith, Brenton.Smith@AlabamaAG.gov

Glenn E. Roper, GERoper@pacificlegal.org

Joshua Thompson, JThompson@pacificlegal.org

                                                */s/ Martin E. Weinberg*
                                                Martin E. Weinberg
                                                *Counsel for Intervenor Defendant*