IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama,<br><br>　　　　　　Defendant,<br><br>　and<br><br>ALABAMA ASSOCIATION OF REAL ESTATE BROKERS, a nonprofit corporation,<br><br>　　　　　　Intervenor Defendant. | Civil Action No. 2:24-cv-00104-RAH- JTA |

**JOINT RULE 26(f) REPORT**

Plaintiff American Alliance for Equal Rights, Defendant Governor Kay Ivey, and Intervenor Defendant Alabama Association of Real Estate Brokers (the "Parties") submit the following report of the Parties' conference pursuant to Federal Rule of Civil Procedure 26(f).

The Parties disagree on the need for initial disclosures or any type of discovery while any motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are pending. Each party's position is laid out below, with Plaintiff's position underlined, Defendant's position italicized, and Intervenor Defendant's position in plain text.

1. **Appearances.** The Parties held a video conference on May 17, 2024, with the following participants:

    a. Plaintiff:　　　　　Glenn Roper

    b. Defendant:    Jim Davis

    c. Intervenor Defendant: Brooke Menschel, Victoria Nugent, and Martin Weinberg

2. **Summary of the Case**.

    <u>Plaintiff:</u>    <u>Plaintiff believes its claim and this case can be resolved with a motion for judgment on the pleadings and accordingly filed such a motion on May 20, 2024.</u>

    *Defendant:*    *Defendant contends that Plaintiff's Motion for Judgment on the Pleadings should be resolved before discovery or other pretrial procedures.* See Chudasama v. Mazda Motor Corp., *123 F.3d 1353, 1368 (11th Cir. 1997) ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.")*.

    Intervenor Defendant: Intervenor Defendant does not believe the matter will be resolved through motions practice based on the pleadings. Therefore, Intervenor Defendant believes that discovery should proceed on a parallel track to the litigation of any motions pursuant to Federal Rule of Civil Procedure 12(c).

3. **Joinder of Parties or Amendment of Pleadings**. No party anticipates amending a pleading or adding a party. To the extent any such amendments or additions are necessary, the Parties propose the following deadlines:

        Plaintiff:        <u>Fourteen days after resolution of Plaintiff's motion for judgment on the pleadings, if needed.</u>

        *Defendant:*        *Fourteen days after resolution of Plaintiff's motion for judgment on the pleadings, if needed.*

        Intervenor Defendant: July 1, 2024.

4. **Pre-Discovery Disclosures.** The Parties disagree as to the appropriate timing of the exchange of Initial Disclosures. Each party's position is set forth below:

        Plaintiff:        <u>Initial disclosures need not be exchanged unless Plaintiff's motion for judgment on the pleadings is denied, at which point the Parties can meet and confer about a deadline for exchanging initial disclosures.</u>

        *Defendant:*        *Initial disclosures need not be exchanged until all motions for judgment on the pleadings have been resolved, at which point the Parties can meet and confer about a deadline for exchanging initial disclosures.*

        Intervenor Defendant: Initial disclosures can and should proceed even while any motions for judgment on the pleadings are pending. Intervenor Defendant proposes that the Parties exchange initial disclosures 14 days after entry of the scheduling order in this case.

5. **Discovery Plan.** The Parties disagree as to the need for discovery. Each party's position is set forth below:

3

<u>Plaintiff:</u> <u>Discovery should not commence unless Plaintiff's motion for judgment on the pleadings is denied, at which point the Parties can meet and confer about the discovery needed and deadlines for discovery.</u>

*Defendant:* *Discovery should be stayed until all motions for judgment on the pleadings have been resolved, at which point the Parties can meet and confer about the discovery needed and deadlines for discovery.*

Intervenor Defendant: Discovery should proceed on a parallel track while any motions for judgment on the pleadings are being litigated. Intervenor Defendant's discovery proposal is as follows:

a. Discovery will be needed on several subjects including but not limited to:

- The recruitment, nominations and appointment process for the Alabama Real Estate Appraisers Board (AREAB),
- Identities, demographics, and other information about current and past members of the AREAB,
- Plaintiff's claim that the Defendant discriminated against Member A (Laura Clark),
- Plaintiff's claim that Member A (Laura Clark) is ready and able to serve as the public member of the AREAB,
- The functions and activities of the AREAB in areas like training and professional education, licensing, discipline, and complaints, and

- The history of racial and other discrimination in board appointments, licensure, regulation, housing, lending, appraising, and other activities that affect real estate values and home ownership in Alabama.

b. Proposed discovery deadlines, assuming discovery proceeds at this time and on a parallel track while any motions for judgment on the pleadings are being litigated:

- All fact discovery should be completed by **November 21, 2024**
- All expert discovery should be completed by **March 7, 2025**.
    - Reports from Plaintiff's retained experts due **January 10, 2025**.
    - Reports from Defendant's and Intervenor Defendant's experts due **February 7, 2025**.
- All dispositive and Daubert motions due **April 18, 2025**.

6. **Settlement**. The Parties are not currently contemplating settlement of any portion of the case.

7. **Scheduling Conference**. The Parties do not request a scheduling conference prior to entry of the Scheduling Order.

May 21, 2024                                                    Respectfully submitted,

*/s/ Brooke Menschel*
Brooke Menschel
Ala. Bar No. ASB-7675-Z61K
Victoria Nugent*
D.C. Bar. No. 470800
Sunu Chandy*
D.C. Bar No. 1026045
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090 Ext. 1011
bmenschel@democracyforward.org

5

vnugent@democracyforward.org
schandy@democracyforward.org
*Admitted Pro Hac Vice
Martin E. Weinberg
Ala. Bar No. ASB-0817-A61W
Law Firm of Martin E. Weinberg
P.O. Box 154
Shannon, Alabama 35142
(205)785-5575
attorneyweinberg@bellsouth.net

*Counsel for Intervenor Defendant*


*/s/ Glenn E. Roper*
Glenn E. Roper*
Colo. Bar No. 387263
Pacific Legal Foundation
1745 Shea Center Drive, Suite 400
Highlands Ranch, Colorado 80129
Telephone: (916) 503-9045
GERoper@pacificlegal.org

Joshua P. Thompson*
Cal. Bar N. 250955
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
JThompson@pacificlegal.org

*Admitted Pro Hac Vice
Attorneys for Plaintiff*


Steve Marshall
    Attorney General
*/s/ James W. Davis*
James W. Davis (ASB-4063-I58J)
    *Deputy Attorney General*
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
    *Assistant Attorneys General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue

6

                Montgomery, Alabama 36104
                Telephone: (334) 242-7300
                Fax: (334) 353-8400
                Ben.Seiss@AlabamaAG.gov

*Counsel for Governor Ivey*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record.

*/s/ Brooke Menschel*
Brooke Menschel