## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>   Plaintiff,<br><br> v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama,<br><br>   Defendant,<br><br> and<br><br>ALABAMA ASSOCIATION OF REAL ESTATE BROKERS, a nonprofit corporation,<br><br>   Intervenor Defendant. | Civil Action No. 2:24-cv-00104-RAH-JTA |

### INTERVENOR DEFENDANT'S UNOPPOSED MOTION TO EXTEND DEFENDANTS' EXPERT DISCLOSURE DEADLINE

Intervenor Defendant, the Alabama Association of Real Estate Brokers, hereby moves the Court to amend its July 17, 2024, Scheduling Order (Doc. 72) ("Existing Scheduling Order") to extend the expert disclosure deadline for defendants from February 10, 2025, to March 14, 2025. Intervenor Defendant seeks this extension to ensure adequate opportunity to review Defendant Kay Ivey's December 12, 2024, and December 20, 2024, production of documents responsive to discovery requests served in August. Intervenor Defendant does not seek any other changes to the Existing Scheduling Order.

Intervenor Defendant conferred with the other parties before filing this motion. Neither Defendant, Governor Ivey, nor Plaintiff, the American Alliance for Equal Rights, object to the requested extension of defendants' expert disclosure deadline.

In support of its motion, Intervenor Defendant states as follows:

1. On July 17, 2024, the Court entered the Existing Scheduling Order, which, among other things, set deadlines for expert witness disclosures and completion of discovery.

2. Under the Existing Scheduling Order, expert witness disclosures are due on or before January 9, 2025, for Plaintiff, and February 10, 2025, for defendants. Discovery closes on April 11, 2025.

3. On August 16, 2024, Intervenor Defendant served Defendant Ivey with its First Set of Requests for Production.

4. Over the intervening months, Intervenor Defendant has accommodated various requests from Defendant Ivey for additional time to provide written responses and produce documents responsive to Intervenor Defendant's document requests. Defendant Ivey has asked for these accommodations, citing constraints on resources in her office and the office of the Attorney General due to the absence of key personnel on personal leave and litigation obligations in various other federal and state court matters.

5. All told, counsel for Intervenor Defendant has corresponded with counsel for both the Plaintiff and the Defendant on a regular basis for several months and arranged meet-and-confers to keep discovery on track and avoid unnecessary discovery motions practice.

6. On October 25, 2024, Defendant produced certain documents from the paper file of the Governor's appointments office staff.

7. On December 12, 2024, Defendant served her first ESI production and privilege log, after reviewing, according to her counsel, about 25% of the documents that had been collected.

8. On December 20, 2024, Defendant made a second ESI production and indicated that her production of responsive ESI was complete.

9. Absent the requested extension, Intervenor Defendant will have a little over one month—including three federal / state holidays and the week between Christmas and New Year's Day—to review these production(s) and related privilege logs, conduct any deposition(s) to establish context for the documents, and provide any relevant information to its expert(s) ahead of defendants' current expert disclosure deadline (February 10, 2025).

10. Intervenor Defendant therefore moves this Court to extend the expert disclosure deadline for defendants by 32 days, through and including March 14, 2025, to allow adequate time for Intervenor Defendant to complete certain fact discovery before its expert disclosure deadline.

11. This is the first request made by any party for the extension of deadlines in this case. At this point, Intervenor Defendant does not believe that any of the other deadlines in the Existing Scheduling Order need to be adjusted.

12. This motion is made in good faith and not for any purpose of delay.

13. No party will be prejudiced by the requested extension. Indeed, the requested extension will not impact the discovery cutoff, nor the current dispositive, pretrial, and trial deadlines set out in the Existing Scheduling Order.

For the foregoing reasons, Intervenor Defendant respectfully requests that the Court (a) grant this Motion; (b) enter the Proposed Order, attached as Exhibit A; and (c) extend the deadline for defendants' expert witness disclosures by 32 days, through and including March 14, 2025.

December 23, 2024                                    Respectfully submitted,

                                                     */s/ Brooke Menschel*
                                                     Brooke Menschel

Ala. Bar No. ASB-7675-Z61K
Aleshadye Getachew*
D.C. Bar No. 1007161
Victoria Nugent*
D.C. Bar No. 470800
Sunu Chandy*
D.C. Bar No. 1026045
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090 Ext. 1011
bmenschel@democracyforward.org
agetachew@democracyforward.org
vnugent@democracyforward.org
schandy@democracyforward.org
**Admitted Pro Hac Vice*

Martin E. Weinberg
Ala. Bar No. ASB-0817-A61W
Law Firm of Martin E. Weinberg
P.O. Box 154
Shannon, Alabama 35142
(205) 785-5575
attorneyweinberg@bellsouth.net

*Counsel for Intervenor Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record:

James William Davis, Jim.Davis@AlabamaAG.gov

Benjamin M. Seiss, Ben.Seiss@AlabamaAG.gov

Brenton Merrill Smith, Brenton.Smith@AlabamaAG.gov

Glenn E. Roper, GERoper@pacificlegal.org

Haley Dutch, HDutch@pacificlegal.org

*/s/ Brooke Menschel*
Brooke Menschel
*Counsel for Intervenor Defendant*