IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:24-cv-00104-RAH ) [WO] |
| KAY IVEY, *in her official capacity as Governor of the State of Alabama*, | ) ) ) |
| Defendant, | ) ) |
| v. | ) ) |
| ALABAMA ASSOCIATION OF REAL ESTATE BROKERS, | ) ) ) |
| Intervenor Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court is Plaintiff American Alliance For Equal Rights' (AAER) *Motion Under Fed. R. Civ. P. 21 to Substitute Laura Clark as Plaintiff.* (Doc. 84.) In its motion, AAER requests that Laura Clark, identified in the Complaint as Member A, be substituted as the party-plaintiff in the place of AAER. The motion is due to be denied.

### BACKGROUND

When AAER initiated this lawsuit on February 13, 2024, AAER made the conscious decision not to name Clark as a party-plaintiff in its Complaint, although AAER's Complaint largely was premised upon Clark's last-minute action in seeking

1

an appointment to the Alabama Real Estate Appraisers Board (AAREB). Instead, AAER declared itself the plaintiff and identified Clark as Member A.

On July 17, 2024, the Court denied AAER's motion for judgment on the pleadings and directed the parties to conduct discovery concerning the issue of AAER's "Article III standing and its facial challenge." (Doc. 71 at 10.) That same day, the Court also issued its Scheduling Order that set September 13, 2024, as the deadline to file amended pleadings and April 11, 2025, as the discovery cutoff deadline. (*See* Doc. 72.) The discovery cutoff deadline subsequently was extended to June 11, 2025. (*See* doc. 86.)

On March 19, 2025—long after the deadline to file amended pleadings passed and on the eve of the expiration of the discovery cutoff deadline—AAER filed the present motion in which it requests leave to substitute Clark for itself as the party-plaintiff. (Doc. 84.) Defendant Governor Kay Ivey and Intervenor-Defendant AAREB oppose the substitution request. (Doc. 87; Doc. 88.)

**LEGAL STANDARD**

AAER brings its motion under Federal Rule of Civil Procedure 21. Under Rule 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. However, under Federal Rule of Civil Procedure 16(b), a scheduling order may only be modified "upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16(b)). "Th[e] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (citations omitted). Some courts in this Circuit have concluded that "[w]hen determining whether dropping a party would be 'just' under Rule 21, [they] evaluate whether dismissal of parties would cause substantial prejudice." *Berntheizel v. Safeco Ins. Co. of Ill.*, 343 F.R.D. 657, 661 (S.D. Fla. 2023) (citing *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016)); *see also*

*Luxor Agentes Autonomos de Investimientos Ltda. v. Intertransfers, Inc.*, 638 F. App'x 925, 927 (11th Cir. 2016) (per curiam).

## DISCUSSION

AAER argues that substituting Clark "will simplify this ligation for the parties and the Court" and will not cause prejudice to any party because Clark "will proceed in the same manner as [AAER], with the same counsel, and with the same claim and allegations." (Doc. 84 at 3–4.) Governor Ivey and AAREB assert that AAER has failed to establish good cause for the substitution and that AAER's motion is merely an effort to avoid AAER's discovery obligations. In addition, AAREB argues that AAER's tardy substitution request would cause substantial prejudice because AAREB would need "to reconsider its discovery strategy in the face of a party substitution right before noticed depositions take place, incur certain additional costs, and cause unnecessary delay." (Doc. 88 at 10.) In its Reply, AAER contends that the good cause standard does not apply because the cases cited by Governor Ivey and AAREB "concerned a motion to amend the pleadings under Rule 15 or Rule 16." (Doc. 89 at 2.)

AAER's substitution request is due to be denied. As an initial matter, it is questionable whether Rule 21 is the appropriate basis for AAER's motion. Rule 21 does not expressly provide for substitution in the manner that AAER seeks. *See, e.g., Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) ("Nothing on the face of Rule 21 allows substitution of parties. The rule by its terms creates means to cure misjoinder of parties." (cleaned up and citation omitted)). As for good cause, some courts have determined that the good cause standard applies when a party asserts Rule 21 as the basis to add a party after the deadline to amend the pleadings in the scheduling order has passed. *See, e.g.*, *Blazkowski v. Natura Pet Prods., Inc.*, No. 07-21221-CIV, 2008 WL 11408621, at *5 (S.D. Fla. Oct. 8, 2008) (stating that the "[p]laintiffs have hardly shown 'good cause' to justify modifying the Court's Scheduling Order by adding [an individual]

as a party at this late stage"); *Otegbade v. N.Y.C. Admin. for Child. Servs.*, No. 12 Civ. 6298, 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015) (citations omitted) (stating that "requested amendments under Rule 21 are subject to the good cause standard of Rule 16 once a deadline to join parties in a scheduling order has elapsed").

Here, AAER fails to demonstrate good cause—or even argue it—for its belated (nearly six months late) attempt to change out the party-plaintiff in this case. AAER easily could have sought this substitution long ago and certainly before the amended pleading deadline expired. It made a strategic decision not to do so, and it offers no explanation for why.[1] Perhaps that is because there is no legitimate argument for good cause here.

Good cause aside, the standard for deciding a motion for leave to add parties under Rule 21 generally is the same as the standard under Rule 15(a) for a motion seeking leave to file an amended complaint. *See Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1255 (11th Cir. 1998). Under Rule 15, a court may deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, undue prejudice to the defendants, and futility of the amendment. *Id.* With respect to Rule 21, some courts have measured the undue prejudice inquiry by a level of substantiality. *See Berntheizel*, 343 F.R.D. at 661.

There is undue prejudice, dilatory motive, undue delay and bad faith here. Allowing a substitution of the party-plaintiff at this late point—just before the expiration of the already-extended discovery deadline—would require that new deadlines be imposed, discovery strategies be altered, and additional costs imposed. For example, there is significantly more expense and difficulty in obtaining

---

[1] The parties disagree about the applicability of *Mullaney v. Anderson*, 342 U.S. 415 (1952), to the present case. While it is true that *Mullaney* involved the use of Rule 21 to add parties as plaintiffs at the appellate level, the Supreme Court permitted the addition to cure a jurisdictional defect. *Mullaney*, 342 U.S. at 416–17. That is not present here.

discovery from AAER, as an out-of-state nonparty, than in obtaining that same discovery from AAER as a party. Further, AAER unduly delayed in attempting to add Clark as party-plaintiff considering that the Scheduling Order in this case imposed a deadline of September 13, 2024, by which to amend the pleadings, and AAER failed to seek substitution before that deadline. Lastly, it is easily inferred, as Governor Ivey and the AAREB note, that AAER's real motive and purpose in seeking this belated substitution is to avoid having to sit for a deposition, which evidences a dilatory motive and bad faith.

What does appear clear is that AAER declared itself the jockey in a race that it started and has ridden this horse in this manner since February 2024. Clark could have been the jockey from the outset, but AAER chose not to proceed in that manner. Similarly, AAER could have switched riders (i.e., Clark for AAER) well before the amended pleadings deadline. Instead, AAER rode on. It was not until AAREB asked for AAER's deposition that AAER decided that it wanted off the horse and to change jockeys during the last furlong, so as to avoid giving a deposition. The Court will not tolerate such tactics. Justice does not sanction a substitution at this point, especially when undue delay, dilatory motive, prejudice, and bad faith abound. Accordingly, AAER's motion is due to be denied.

## CONCLUSION

For the reasons stated above, Plaintiff American Alliance For Equal Rights' *Motion Under Fed. R. Civ. P. 21 to Substitute Laura Clark as Plaintiff* (doc. 84) is due to be and is **DENIED**.

DONE, on this the 17th day of April 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE